AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| CHEM RX PHARMACY SERVICES, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:16-cv-08442-MCA |
| NORTH BERGEN HEALTH CARE, LLC et al | ) |
| *Defendant* | ) |

**CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT**

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*    12/05/2019 .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: 06/25/2020

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

Case 1:20-mc-00292-VSB   Document 1   Filed 08/21/20   Page 2 of 17
Case 2:16-cv-08442-MCA-MAH   Document 119   Filed 12/05/19   Page 1 of 15 PageID: 811
Case 2:16-cv-08442-MCA-MAH   Document 118   Filed 12/03/19   Page 15 of 17 PageID: 793
Case 2:16-cv-08442-MCA-MAH   Document 117   Filed 12/02/19   Page 9 of 11 PageID: 776

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| Chem Rx Pharmacy Services, LLC f/k/a Chem Rx Acquisition Sub, LLC, As Assignee of ChemRx New Jersey, LLC,<br><br>Plaintiff<br><br>v.<br><br>North Bergen Health Care, LLC d/b/a Hudson View Care and Rehabilitation Center, et al.<br><br>Defendants. | DOCKET NO. 2:16-cv-08442-MCA-MAH<br><br>CIVIL ACTION<br><br>I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.<br>ATTEST<br>WILLIAM T. WALSH, Clerk<br>United States District Court<br>District of New Jersey<br><br>By: _____<br>Deputy Clerk |

### CONSENT ORDER OF JUDGMENT

Plaintiff Chem Rx Pharmacy Services, LLC ("Chem Rx") and Defendants North Bergen Health Care, LLC d/b/a Hudson View Care and Rehabilitation Center ("Hudson View"), RC Operator, LLC d/b/a Willow Terrace ("Willow Terrace"), Wyndmoor Care Center, LLC d/b/a Wyndmoor Hills Health Care & Rehab Center f/k/a Chestnut Hill Rehab Center, LLC ("Wyndmoor"), Skyline Health Care, LLC ("Skyline"), Kotel Management Corp. ("Kotel") (Hudson View, Willow Terrace, Wyndmoor, Skyline, and Kotel are together "Entity Defendants"), and Joseph Schwartz ("Schwartz" and together with Entity Defendants, "Defendants"), having agreed to the terms of a Second Settlement Agreement dated November 12, 2019 (the "Settlement Agreement"), and having agreed therein to the entry of this Consent Order of Judgment:

## SECOND SETTLEMENT AGREEMENT

This Second Settlement Agreement, dated as of November 12, 2019 (the "Agreement"), is made by and between

**CHEM RX PHARMACY SERVICES, LLC ("CHEM RX"), on the one hand,**

**AND**

**NORTH BERGEN HEALTH CARE, LLC D/B/A HUDSON VIEW CARE AND REHABILITATION CENTER ("HUDSON VIEW"), RC OPERATOR, LLC D/B/A WILLOW TERRACE ("WILLOW TERRACE"), WYNDMOOR CARE CENTER, LLC D/B/A WYNDMOOR HILLS HEALTH CARE & REHAB CENTER F/K/A CHESTNUT HILL REHAB CENTER, LLC ("WYNDMOOR") (HUDSON VIEW, WILLOW TERRACE AND WYNDMOOR ARE TOGETHER THE "FACILITY PARTIES"), SKYLINE HEALTH CARE, LLC ("SKYLINE"), KOTEL MANAGEMENT CORP. ("KOTEL"), AND JOSEPH SCHWARTZ ("SCHWARTZ") (FACILITY PARTIES, SKYLINE, KOTEL, AND SCHWARTZ ARE TOGETHER THE "SETTLING PARTIES"), on the other hand.**

### RECITALS

A.   WHEREAS Chem Rx provided pharmacy goods and services to Facility Parties for use by the residents of the skilled nursing facilities they owned, operated, or managed by Facility Parties at 9020 Wall Street, North Bergen, NJ 07047; One Penn Blvd., Philadelphia, PA 19144; and 8601 Stenton Avenue, Wyndmoor, PA 19038 (together, the "Facilities"), and Facility Parties agreed to compensate Chem Rx for such goods and services.

B.   WHEREAS Chem Rx filed suit against Settling Parties in a case captioned *Chem Rx Pharmacy Services, LLC v. North Bergen Health Care, LLC, et al.*, Case No. 2:16-cv-08442 (D.N.J.) (the "Action") with various claims for payment from Settling Parties, and certain of Settling Parties filed a Counterclaim against Chem Rx in the Action.

C.   WHEREAS Chem Rx and Settling Parties agreed to resolve the claims in the Action on terms and conditions set forth in a Settlement Agreement dated as of April 10, 2018 (the "First Settlement Agreement").

D.   WHEREAS Chem Rx alleged that Settling Parties breached the First Settlement Agreement and made a motion in the Action for the Court to enforce the First Settlement Agreement and enter a judgment against Settling Parties.

E.   WHEREAS Settling Parties and Chem Rx have agreed to resolve the disputes between them, including those relating to Chem Rx's claim that Settling Parties breached the First Settlement Agreement and Chem Rx's motion to enforce the First Settlement Agreement, on the terms and conditions set forth in this Agreement.

Case 1:20-mc-00292-VSB   Document 1   Filed 08/21/20   Page 4 of 17
Case 2:16-cv-08442-MCA-MAH   Document 119   Filed 12/05/19   Page 3 of 15 PageID: 813
Case 2:16-cv-08442-MCA-MAH   Document 118   Filed 12/03/19   Page 4 of 17 PageID: 782

NOW, THEREFORE, in consideration of the foregoing, and the representations, warranties, covenants, and agreements set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Settling Parties and Chem Rx hereby agree as follows:

## ARTICLE I

## DEFINITIONS AND RULES OF CONSTRUCTION

1.01  Recitals, Articles, Sections, etc.  Unless stated otherwise in this Agreement, references in this Agreement to Recitals, Articles, Sections, Schedules, and Attachments are references to Recitals, Articles, and Sections of, and Schedules and Attachments attached to, this Agreement. Each Schedule or Attachment to this Agreement is by this reference incorporated into this Agreement.

1.02  No Construction Against Drafter.  No inference in favor of, or against, any party to this Agreement will be drawn from the fact that such party has drafted any portion of this Agreement.

## ARTICLE II

## WAIVERS OF DEFENSES AND RIGHTS; RELEASES

2.01  Waivers of Defenses and Rights by Settling Parties and Guarantor.  Settling Parties and Guarantor, for themselves and their parents, subsidiaries, affiliates, members, agents, administrators, legal representatives, successors and assigns, **HEREBY WAIVE AND RELINQUISH** any and all defenses and any and all rights to setoff or recoupment of any kind whatsoever, that Settling Parties, or any person claiming by or through Settling Parties, may now have or may claim to have in respect of amounts owed pursuant to the First Settlement Agreement.

2.02  Release by Settling Parties.  Settling Parties, for themselves and their heirs, executors, administrators, personal representatives, legal representatives, officers, directors, members, employees, affiliates, subsidiaries, successors and assigns, **HEREBY RELEASE, ACQUIT AND FOREVER DISCHARGE** Chem Rx, its directors, officers, employees, insurers, agents and representatives, and all other persons who are acting or at any time or times have acted for or on behalf of Chem Rx and any subsidiary or affiliate of Chem Rx, and all of their respective heirs, executors, administrators, personal representatives, legal representatives, officers, directors, employees, affiliates, subsidiaries, successors and assigns from all claims, demands, actions, causes of action, losses, liabilities, damages, costs expenses and disbursements (including, but not limited to, fees and disbursements of accountants, attorneys, engineers and other professionals, experts and agents) of any kind whatsoever, both known and unknown, both foreseen and unforeseen, whether now or hereafter existing, whether matured or unmatured, liquidated or unliquidated, legal or equitable, whether based upon tort, contract, breach of contract or otherwise, and whether or not asserted, which Settling Parties, or any person claiming

2

Case 1:20-mc-00292-VSB   Document 1   Filed 08/21/20   Page 5 of 17
Case 2:16-cv-08442-MCA-MAH   Document 119   Filed 12/05/19   Page 4 of 15 PageID: 814
Case 2:16-cv-08442-MCA-MAH   Document 118   Filed 12/03/19   Page 5 of 17 PageID: 783

by or through Settling Parties, may now have or incur or may now claim to have or to have incurred, arising or to arise, directly or indirectly, from or by reason of, or in any manner related to or connected with: (a) the negotiation, preparation, execution and or delivery of this Agreement or the First Settlement Agreement, and/or (b) any other fact, event, transaction, condition, act or omission to act occurring on or prior to the date of this Agreement related to or connected with the goods and services provided by Chem Rx at the Facilities or for the Facilities or their residents, and (c) the allegations, claims, counterclaims, and motions in the Action.

2.03    Release by Chem Rx.  Upon timely payment in full of all the obligations hereunder, Chem Rx, for itself and its heirs, executors, administrators, personal representatives, legal representatives, officers, directors, employees, affiliates, subsidiaries, successors and assigns, agrees to **RELEASE, ACQUIT, AND FOREVER DISCHARGE** Settling Parties, their directors, officers, employees, insurers, agents and representatives, and all other persons who are acting or at any time or times have acted for or on behalf of Settling Parties and any subsidiaries or affiliates of Settling Parties, and all of their heirs, executors, administrators, personal representatives, legal representatives, officers, directors, employees, affiliates, subsidiaries, successors and assigns, from all claims, demands, actions, causes of action, losses, liabilities, damages, costs, expenses, and disbursements (including, but not limited to, fees and disbursements of accountants, attorneys, engineers, and other professionals, experts, and agents) of any kind whatsoever, both known and unknown, both foreseen and unforeseen, whether now or hereafter existing, whether matured or unmatured, liquidated or unliquidated, legal or equitable, whether based upon tort, contract, breach of contract or otherwise, and whether or not asserted, which Chem Rx, or any person claiming by or through Chem Rx, may now or hereafter have or incur or may now or hereafter claimed to have or do have incurred, arising or to arise, directly or indirectly, from or by reason of, or in any manner related to or connected with: (a) the negotiation, preparation, execution and or delivery of this Agreement or the First Settlement Agreement, and/or (b) any other fact, event, transaction, condition, act or omission to act occurring on or prior to the date of this Agreement related to or connected with the goods and services provided by Chem Rx at the Facilities or for the Facilities or their residents, and (c) the allegations, claims, counterclaims, and motions in the Action. Notwithstanding the foregoing, the parties understand and agree that this Section and release specifically excludes any claim arising from or related to the inspection, evaluation, action, review, audit, inquiry or investigation performed by or at the behest of a government agency, third-party payer, and/or Medicare Part D plan seeking recoupment or recovery of payments made in connection with the provision of pharmacy goods and services by Chem Rx.

2.04    Consultation with Legal Counsel, etc.  The Parties acknowledge and agree that (a) the waiver, relinquishment, release, acquittance, and discharge set forth in Sections 2.01, 2.02, and 2.03 of this Agreement, and the provision for entry of a Consent Order of Judgment in Section 4.03 of this Agreement have been specifically negotiated and are essential and material terms of this Agreement; (b) the Parties have had the opportunity to consult with legal counsel of their own choosing prior to signing this Agreement and accepting the provisions of this Agreement, including, but not limited to, the waiver, relinquishment, release, acquittance, and discharge set forth in Sections 2.01, 2.02, and 2.03 of this Agreement, and the provision for entry of a Consent Order of Judgment in Section 4.03 of this Agreement; and (c) the Parties voluntarily and knowingly have signed this Agreement and accept and agree to the provisions of

Case 1:20-mc-00292-VSB Document 1 Filed 08/21/20 Page 6 of 17
Case 2:16-cv-08442-MCA-MAH Document 119 Filed 12/05/19 Page 5 of 15 PageID: 815
Case 2:16-cv-08442-MCA-MAH Document 118 Filed 12/03/19 Page 6 of 17 PageID: 784

this Agreement, including, but not limited to, the waiver, relinquishment, release, acquittance, and discharge set forth in Sections 2.01, 2.02, and 2.03 of this Agreement, and the provision for entry of a Consent Order of Judgment in Section 4.03 of this Agreement.

## ARTICLE III

## SETTLEMENT DEFAULTS

3.01 <u>Settlement Defaults.</u> Any one or more of the following events or conditions will constitute, individually, a "Settlement Default" and, collectively, the "Settlement Defaults:"

(a) Settling Parties fail to make any payment that is due and owing under this Agreement;

(b) Settling Parties fail to perform or observe any other term, covenant, or agreement contained in this Agreement; or

(c) Settling Parties file a voluntary petition of bankruptcy or have a petition filed against them in a bankruptcy or insolvency proceeding or make a general assignment for the benefit of their creditors which lasts for more than ninety (90) days (and if such a default occurs, Settling Parties will not dispute or object to Chem Rx's proof of claim and will agree that Chem Rx's claim will equal the amounts owed under the Consent Order of Judgment).

## ARTICLE IV

## PAYMENT TERMS

4.01 <u>Payment.</u> Settling Parties agree to pay to Chem Rx the amount of $1,000,000.00 (the "Settlement Amount"). The Settlement Amount shall be paid as $350,000.00 due on or before November 13, 2019,[1] and $65,000 due on the 13th day of each successive month until the Settlement Amount has been paid in full, as set forth in the payment schedule in Attachment A.

4.02 <u>Place of Payment.</u> All payments due hereunder shall be made by wire pursuant to wire instructions to be provided under separate cover. Payments are deemed made at the time of receipt by Chem Rx at the designated place of payment.

4.03 <u>Consent Order of Judgment.</u> As an inducement for Chem Rx to enter into this Agreement, and as a material term of this Agreement, Settling Parties have executed a Consent Order of Judgment in the form attached hereto as Attachment B. Chem Rx and Settling Parties will tender the Consent Order of Judgment to the Court in the Action for entry therein upon execution of this Agreement. Chem Rx agrees that it will forbear from seeking to collect upon the Consent Judgment so long as payments required hereunder are timely made.

4.04 <u>Right to Cure Default.</u> Upon the occurrence of any Settlement Default, Chem Rx will provide Settling Parties with a Notice of Settlement Default pursuant to the paragraph of this

---

[1] Chem Rx acknowledges that it received this payment prior to execution of this Agreement.

4

Case 1:20-mc-00292-VSB   Document 1   Filed 08/21/20   Page 7 of 17
Case 2:16-cv-08442-MCA-MAH   Document 119   Filed 12/05/19   Page 6 of 15 PageID: 816
Case 2:16-cv-08442-MCA-MAH   Document 118   Filed 12/03/19   Page 7 of 17 PageID: 785

Agreement concerning notices, and will take no further action to collect amounts due to it for 10 days from sending of the Notice of Settlement Default (the "Cure Period"). Settling Parties may cure a Settlement Default by making payment of such amount that is past due within the Cure Period (a "Settlement Default Cure"). If a Settlement Default is cured by a Settlement Default Cure, Chem Rx will not take any action to enforce or collect upon the Consent Order of Judgment. Notwithstanding a Settlement Default Cure, future payments will continue to be due and owing as provided in Section 4.01 until such time as the Settlement Amount has been timely paid in full.

4.05   Rights Upon Uncured Default. In the event that Settling Parties do not exercise a Settlement Default Cure in the Cure Period after having been sent a Notice of Settlement Default, Chem Rx shall immediately be entitled to enforce the Consent Order of Judgment and to seek to collect all amounts due to Chem Rx thereunder. Any payments made by Settling Parties under Section 4.01 of this Agreement prior to the uncured Settlement Default shall be credited against the amounts owed by them under the Consent Order of Judgment, with such payments applied first to accrued interest and then to principal.

4.06   Prepayment. Principal amounts may be prepaid in whole or in part, at any time and from time to time, without premium or penalty. All prepayments under this Agreement will be applied first to the reduction of any accrued interest hereunder and then to the outstanding principal balance hereof.

## ARTICLE VI

## MISCELLANEOUS

5.01   Amendments, etc. No waiver, termination, amendment or other modification of any provision of this Agreement, and no consent by Chem Rx to any departure from any provision of this Agreement, will in any event be effective unless the same will be in writing and signed by Chem Rx (or any successor to Chem Rx), and then such waiver of consent will be effective only in the specific instance and for the specific purpose for which it is given; provided that no waiver, termination, amendment, other modification or consent, will amend or otherwise modify Section 2.01, Section 2.02, Section 2.03 or Section 5.01.

5.02   Entire Agreement. This Agreement constitutes the entire Agreement by and between Settling Parties and Chem Rx with respect to the subject matter of this Agreement and supersedes all prior Agreements, understandings, and negotiations, both written and oral, by and between Settling Parties and Chem Rx with respect to the subject matter of this Agreement. No representation, warranty, inducement, promise, understanding, or condition which is not set forth in this Agreement has been made or relied upon by Settling Parties or Chem Rx.

5.03   No Waiver, Remedies Cumulative. No failure by any party to this Agreement to exercise, and no delay by any such party in exercising any power, right, or remedy under this Agreement will operate as a waiver of such power, right, or remedy, and no single or partial exercise of any such power, right, or remedy will preclude any other or further exercise of such power, right, or remedy or the exercise of any other power, right, or remedy. The rights and

5

Case 1:20-mc-00292-VSB   Document 1   Filed 08/21/20   Page 8 of 17
Case 2:16-cv-08442-MCA-MAH   Document 119   Filed 12/05/19   Page 7 of 15 PageID: 817
Case 2:16-cv-08442-MCA-MAH   Document 118   Filed 12/03/19   Page 8 of 17 PageID: 786

remedies provided in this Agreement will be cumulative and not exclusive of any rights or remedies provided by law. Without limiting the generality of the proceeding provisions of this Section, except as expressly provided in this Agreement, Chem Rx expressly reserves all power, rights, and remedies available to Chem Rx with respect to any default between the parties, at law, in equity or otherwise.

5.04   Costs and Expenses.  The Parties shall pay their own costs and legal fees.

5.05   Severability.  Any provision of this Agreement that is prohibited or unenforceable in any jurisdiction will be ineffective, as to such jurisdiction, to the extent of such prohibition or unenforceability without invalidating the remaining provisions of this Agreement or affecting the validity or enforceability of such provision in any other jurisdiction.

5.06   Captions.  The headings of the Articles, Sections, Subsections, Paragraphs, and other divisions of this Agreement are included for convenience of reference only, and will not in any way limit or affect the construction or interpretation of any provision of this Agreement.

5.07   Governing Law.  This Agreement will be governed by, and construed in all respects in accordance with, the laws of the State of New Jersey without regard to the conflicts of law rules of any state.

5.08   Waiver of a Jury Trial.  SETTLING PARTIES HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVE THEIR RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM DIRECTLY OR INDIRECTLY BASED UPON OR ARISING OUT OF OR RELATING TO ANY PART OF THIS AGREEMENT, OR THE ACTIONS OF CHEM RX IN THE NEGOTIATION, PREPARATION, EXECUTION, DELIVERY, ADMINISTRATION, PERFORMANCE OR ENFORCEMENT OF THIS AGREEMENT. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT (INCLUDING CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS). THIS WAIVER IS IRREVOCABLE, MEANING THAT IT MAY NOT BE MODIFIED EITHER ORALLY OR IN WRITING, AND SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, EXTENSIONS, RENEWALS OR OTHER MODIFICATIONS OF ANY OF THIS AGREEMENT OR ANY OTHER DOCUMENT OR AGREEMENT RELATING TO ANY OF THE OBLIGATIONS OR ANY OF SETTLING PARTIES' OBLIGATIONS.

5.09   Consent to Jurisdiction and Venue.  SETTLING PARTIES AGREE TO THE EXCLUSIVE JURISDICTION IN, AND CONSENT TO ONE OR MORE ACTIONS BEING INSTITUTED AND MAINTAINED IN ANY OF THE STATE COURTS OF NEW JERSEY, AND/OR THE UNITED STATES DISTRICT COURT LOCATED IN NEWARK, NEW JERSEY TO ENFORCE THIS AGREEMENT OR ANY OTHER DISPUTE BETWEEN THE PARTIES, AND WAIVE ANY OBJECTION TO ANY SUCH ACTIONS BASED UPON LACK OF PERSONAL OR SUBJECT MATTER JURISDICTION OR IMPROPER VENUE. SETTLING PARTIES AGREE THAT ANY

Case 1:20-mc-00292-VSB   Document 1   Filed 08/21/20   Page 9 of 17
Case 2:16-cv-08442-MCA-MAH   Document 119   Filed 12/05/19   Page 8 of 15 PageID: 818
Case 2:16-cv-08442-MCA-MAH   Document 118   Filed 12/03/19   Page 9 of 17 PageID: 787

ACTION OR PROCEEDING MAY BE SERVED BY SERVING A COPY THEREOF, ADDRESSED TO SETTLING PARTIES AT THE ADDRESS, AND IN THE MANNER, INDICATED IN SECTION 5.10.

5.10   Notices.   All notices, requests, demands, directions, consents, and other communications to any party under or in connection with this Agreement will be in writing and will be sent via certified or registered mail, return receipt requested, via telephone facsimile transmission, via personal delivery, or via express courier or delivery service as well as an additional copy by email if such an address is provided below, addressed to such party at such party's address or telephone facsimile number and/or email as will be designated by such party in a written notice given to the other party complying as to delivery with the terms of this Section:

If to Chem Rx:

Jennifer Yowler
SVP & Chief Financial Officer
PharMerica Corporation
805 N. Whittington Parkway
Louisville, Kentucky 40222
Facsimile: (502) 638-7941

with a copy to:

Benjamin C. Fultz
Jennifer Metzger Stinnett
Matthew C. Williams
Fultz Maddox Dickens PLC
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202
Facsimile: (502) 588-2020

If to Settling Parties:

Joseph Schwartz
Michael Schwartz
40 Vreeland Ave, Suite 105
Totowa, N.J. 07512
jschwartz@skylinehealthcare.com
mschwartz@skylinehealthcare.com

with a copy to:

Charles I. Epstein, Esq.
27 Warren Street, Suite 304
Hackensack, NJ 07601

Case 1:20-mc-00292-VSB   Document 1   Filed 08/21/20   Page 10 of 17
Case 2:16-cv-08442-MCA-MAH   Document 119   Filed 12/05/19   Page 9 of 15 PageID: 819
Case 2:16-cv-08442-MCA-MAH   Document 118   Filed 12/03/19   Page 10 of 17 PageID: 788

Fax: (201) 489-2128

and

Saadia Shapiro
Shapiro & Associates
Attorneys At Law, PLLC
2291 Seventh Avenue
New York, New York 10030
Fax: 347 462-9905

All such notices, requests, demands, directions, consents, and other communications will be deemed given (a) when given and receipted for (or upon the date of attempted delivery when delivery is refused) or (b) when received, if sent via telephone facsimile (confirmation of such receipt via confirmed telephone facsimile being deemed receipt). Settling Parties agree that any action or proceeding may be served by mailing a copy thereof by certified mail, return receipt requested, or any other substantially similar form of mail, addressed to them at the addresses indicated above.

5.11 Transfer or Assignment. Chem Rx may assign or otherwise transfer all or any portion of its rights and obligations under this Agreement to any other person or entity, and such other person or entity, upon such assignment or transfer, will become vested with all of the benefits that are granted to Chem Rx in this Agreement or otherwise in respect of the rights and obligations that are assigned or otherwise transferred. Chem Rx shall provide at least thirty (30) days written notice of any such transfer or assignment.

5.12 Acknowledgement. Each of the parties acknowledges that it has read this Agreement, and that it fully knows, understands, and appreciates this Agreement and attachments and executes them voluntarily and of its own free will, and by executing this Agreement signifies its assent to and willingness to be bound by its terms. The individual executing on behalf of any entity represents that he or she is authorized to execute this Agreement on its behalf.

5.13 Execution by Counterpart. This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or electronic mail transmission shall constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original Agreement for all purposes. Signatures of the Parties transmitted by facsimile or electronic mail shall be deemed to be their original signatures for all purposes.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Case 1:20-mc-00292-VSB Document 1 Filed 08/21/20 Page 11 of 17
Case 2:16-cv-08442-MCA-MAH Document 119 Filed 12/05/19 Page 10 of 15 PageID: 820
Case 2:16-cv-08442-MCA-MAH Document 118 Filed 12/03/19 Page 11 of 17 PageID: 789

In witness whereof, the Parties have executed this Agreement on the date first written above.

Dated: November 27, 2019

CHEM RX PHARMACY SERVICES, LLC

By: _____

Title: CFO

Dated: November 25, 2019

NORTH BERGEN HEALTH CARE, LLD D/B/A HUDSON VIEW CARE AND REHABILITATION CENTER

By: _____

Title: Owner

Dated: November 25, 2019

RC OPERATOR, LLC D/B/A WILLOW TERRACE

By: _____

Title: Owner

Dated: November 25, 2019

WYNDMOOR CARE CENTER, LLC D/B/A WYNDMOOR HILLS HEALTH CARE & REHAB CENTER F/K/A CHESTNUT HILL REHAB CENTER, LLC

By: _____

Title: Owner

Dated: November 25, 2019

SKYLINE HEALTH CARE, LLC

By: _____

Title: Owner

KOTEL MANAGEMENT CORP.

9

Case 1:20-mc-00292-VSB   Document 1   Filed 08/21/20   Page 12 of 17
Case 2:16-cv-08442-MCA-MAH   Document 119   Filed 12/05/19   Page 11 of 15 PageID: 821
Case 2:16-cv-08442-MCA-MAH   Document 118   Filed 12/03/19   Page 12 of 17 PageID: 790

Dated: November 25, 2019      By: _____
                              Title: Owner

Dated: November 25, 2019      JOSEPH SCHWARTZ
                              _____

Case 1:20-mc-00292-VSB   Document 1   Filed 08/21/20   Page 13 of 17
Case 2:16-cv-08442-MCA-MAH   Document 119   Filed 12/05/19   Page 12 of 15 PageID: 822
Case 2:16-cv-08442-MCA-MAH   Document 118   Filed 12/03/19   Page 13 of 17 PageID: 791

## ATTACHMENT A

### Payment Schedule

| Payment No | Payment Date | Payment Amount | Remaining Balance |
|---|---|---|---|
|   |            |              | $1,000,000.00 |
| 1  | 11/13/2019 | $350,000.00  | $650,000.00   |
| 2  | 12/13/2019 | $65,000.00   | $585,000.00   |
| 3  | 1/13/2020  | $65,000.00   | $520,000.00   |
| 4  | 2/13/2020  | $65,000.00   | $455,000.00   |
| 5  | 3/13/2020  | $65,000.00   | $390,000.00   |
| 6  | 4/13/2020  | $65,000.00   | $325,000.00   |
| 7  | 5/13/2020  | $65,000.00   | $260,000.00   |
| 8  | 6/13/2020  | $65,000.00   | $195,000.00   |
| 9  | 7/13/2020  | $65,000.00   | $130,000.00   |
| 10 | 8/13/2020  | $65,000.00   | $65,000.00    |
| 11 | 9/13/2020  | $65,000.00   | $0.00         |

**Totals**         $1,000,000.00

Case 1:20-mc-00292-VSB   Document 1   Filed 08/21/20   Page 14 of 17
Case 2:16-cv-08442-MCA-MAH   Document 119   Filed 12/05/19   Page 13 of 15 PageID: 823
Case 2:16-cv-08442-MCA-MAH   Document 118   Filed 12/03/19   Page 14 of 17 PageID: 792

## ATTACHMENT B

## Consent Order of Judgment

Case 1:20-mc-00292-VSB Document 1 Filed 08/21/20 Page 15 of 17
Case 2:16-cv-08442-MCA-MAH Document 119 Filed 12/05/19 Page 14 of 15 PageID: 824
Case 2:16-cv-08442-MCA-MAH Document 118 Filed 12/03/19 Page 16 of 17 PageID: 794
Case 2:16-cv-08442-MCA-MAH Document 117 Filed 12/02/19 Page 10 of 11 PageID: 777

IT IS ORDERED AND ADJUDGED that the Entity Defendants are jointly and severally indebted to Chem Rx in the amount of $2,901,072.36, plus post-judgment interest from the date of entry of this Order at the rate of 7% per annum.

IT IS FURTHER ORDERED AND ADJUDGED that Joseph Schwartz shall be jointly and severally indebted with the Entity Defendants to Chem Rx for the principal and interest amounts owed by them, provided, however, that the maximum amount of Joseph Schwartz's liability to Chem Rx for such amounts shall be $900,000.00.

This is a final and appealable Order, there being no just reason for delay in its entry.

**IT IS SO ORDERED.**

Dated: Dec 3- 19

_____
United States District Judge

Case 1:20-mc-00292-VSB   Document 1   Filed 08/21/20   Page 16 of 17
Case 2:16-cv-08442-MCA-MAH   Document 119   Filed 12/05/19   Page 15 of 15 PageID: 825
Case 2:16-cv-08442-MCA-MAH   Document 118   Filed 12/03/19   Page 17 of 17 PageID: 795
Case 2:16-cv-08442-MCA-MAH   Document 117   Filed 12/02/19   Page 11 of 11 PageID: 778

**HAVE SEEN AND AGREED:**

| | |
|---|---|
| **CHEM RX PHARMACY SERVICES, LLC**<br><br>By: _[signature]_<br><br>Title: __CFO__ | **SKYLINE HEALTH CARE, LLC**<br><br>By: _[signature]_<br><br>Title: __Owner__ |
| **NORTH BERGEN HEALTH CARE, LLD D/B/A HUDSON VIEW CARE AND REHABILITATION CENTER**<br><br>By: _[signature]_<br><br>Title: __Owner__ | **WYNDMOOR CARE CENTER, LLC D/B/A WYNDMOOR HILLS HEALTH CARE & REHAB CENTER F/K/A CHESTNUT HILL REHAB CENTER, LLC**<br><br>By: _[signature]_<br><br>Title: __Owner__ |
| **RC OPERATOR, LLC D/B/A WILLOW TERRACE**<br><br>By: _[signature]_<br><br>Title: __Owner__ | **KOTEL MANAGEMENT CORP.**<br><br>By: _[signature]_<br><br>Title: __Owner__ |

3

```
Court Name: USDC, District of New Jersey
Division: 2
Receipt Number: NEW042983
Cashier ID: lgambard
Transaction Date: 07/01/2020
Payer Name: BENJAMIN C FULTZ
------------------------------------------
RECORD IN PAPER FORMAT
 For: BENJAMIN C FULTZ
 Amount:         $7.50
------------------------------------------
CREDIT CARD
 Amt Tendered:  $7.50
------------------------------------------
Total Due:      $7.50
Total Tendered: $7.50
Change Amt:     $0.00

2 16 CV 8442 DOC 119 15 PAGES COPY
WORK

"Only when bank clears the check,
money order, or verifies credit of
funds is the fee or debt officially
paid or discharged. A $53 fee will
be charged for a returned check."
```

COURTS/USDC-NJ-02
50 WALNUT ST
NEWARK, NJ 07102
(973) 645-3730

## SALE

MID: 000025551010
TID: 002                REF#: 00001901
Batch #: 183001         RRN: 530100004
07/01/20                        10:31:38
AVS: Z                          CVC: M
ORDER#: 00001901
APPR CODE: 007332
VISA                         Manual CNP
************4408                  **/**

**AMOUNT              $7.50**

APPROVED

CUSTOMER COPY